**AGREEMENT** entered into this 6th day of July, 2018 by and between **Giuseppe Mario Delpiano** residing at 301 West 13th Street, Apt. 2A, New York, NY 10014 (hereinafter referred to as the ("Transferor") and **Mike Kastrati** residing at 230 Beach 118 Street, Rockaway Park, NY 11694 (hereinafter referred to as the "Transferee").

**WHEREAS,** Transferor is an officer, director and shareholder of twenty percent (20%) of the issued and outstanding shares of stock – 20 No Par Value of **M. E. G. Restaurant Enterprises Ltd.**, a New York corporation having its place of business at 102 East 22nd Street, New York, NY 10010 (hereinafter referred to as the "Corporation"); and

**WHEREAS,** the Corporation is the owner of a restaurant business and on-premises liquor license bearing serial number 1024763 issued by the New York State Liquor Authority (hereinafter referred to as the "SLA") for premises located at 102 East 22nd Street, New York, NY 10010; and

**WHEREAS,** Transferee agrees to pay the sum of **Ninety-five Thousand Dollars ($95,000.00)** payable as follows:  **Fifty-six Thousand Five Hundred Fourteen and Fifty-two/100 Dollars ($56,514.52) to American Express Co. and Thirty-eight Thousand Four Hundred Eighty-five and Forty-eight/100 Dollars ($38,485.48) to Giuseppe M. Delpiano.** Transferor agrees to transfer to Transferee his twenty (20) No Par Value stocks of the Corporation held by him; and

**WHEREAS**, M. E. G. Restaurant Enterprises Ltd. will nominate and elect Transferee Vice President and director of the Corporation.

**NOW, THEREFORE,** in consideration of the mutual promises of the parties herein, it is agreed as follows.

1

## WITNESSETH:

1. Transferee acknowledges that he assisted in the management of the corporate business, is fully familiar with the books and records, and accepts the shares of stock and election as Vice President and director of the Corporation, subject to any outstanding debts, liens, etc., if any.

2. At the time of the execution of this Agreement, Transferor will execute a waiver of notice of special joint meeting of the Board of Directors and Stockholders thereof and further, along with the Corporation, shall forthwith hold a special joint meeting of the Board of Directors and Stockholders thereof, at which meeting Transferor shall elect Transferee as Vice President and director of the Corporation.

3. At the time of the closing of this Agreement, Transferor shall properly transfer and assign to Transferee, twenty (20) No Par Value shares of Transferor's twenty percent (20%) of the Corporation stocks hereby contracted to be transferred.

4. Transferee hereby acknowledges that he understands the transfer of the aforesaid shares of stock of the Corporation by Transferor is **"AS IS"**, and without any warranties or representations of any nature, kind or description by Transferor whatsoever, except as specifically expressed by them in this Agreement and further, except that Transferor warrants and represents that he is are now and will be at the time of closing of this transaction, the true and lawful holder and owner of said shares of stock hereby contracted to be transferred; that said shares of stock have not and will not be at the time of closing of this transaction sold, assigned, pledged or in any way encumbered by them except as provided in this Agreement;

and that they now have and will have at the time of closing of this transaction, good and valid title thereto and the right to transfer same to Transferee.

5. Transferor represents that he shall indemnify, reimburse, hold Transferee harmless, and defend on behalf of Transferee any claims, bills, liens, judgments, etc. incurred by Transferor and/or the Corporation prior to and including closing of this stock sale. Reciprocally, Transferee and the Corporation will indemnify, reimburse, hold harmless Giuseppe M. Delpiano against and any claims, bills or debts incurred after the closing of the stock transfer.

6. The Transferor of the aforesaid shares of stock of the Corporation by Transferor to Transferee upon the terms and conditions herein stated, and the change of officers and directors of the Corporation as provided for in this Agreement shall be as follows:

| | | |
|---|---|---|
| **Marco Fregonese** | **President/Director** | **67.5 shares of stock** |
| **Elizabeth Yoshida** | **Treasurer/Director** | **22.5 shares of stock** |
| **Mike Kastrati** | **Vice President/Director** | **20 shares of stock** |

7. Within a reasonable time after the execution of this Agreement, the Corporation will file a corporate change application and such other forms and documents required by or in conformity with the rules and regulations of the SLA in connection with an application for approval of the sale of said stock and of the corporate change of the Corporation as set forth above.

8. The closing of this transaction shall take place at the office of the Corporation's attorney at 11 Park Place, New York, NY on a day and at a time to be agreed upon by the parties hereto.

9. The parties hereto agree that there are no representations or warranties of any kind made by any of the parties hereto except as expressly stated herein and that this Agreement contains all of the terms and conditions relating to the sale of said stock; and the parties further agree that this Agreement cannot be changed, modified or discharged orally, except by an agreement or instrument in writing signed by all parties hereto, or by any party hereto against whom or which enforcement of the change, modification or discharge is sought.

10. The provisions of this Agreement, insofar as applicable or gathered from said provisions by the intent thereof, shall survive closing of this transaction and delivery of all the closing instruments hereby provided for.

**IN WITNESS WHEREOF**, the parties have hereunto set their hands and seals the day and year first above written.

                                             **Giuseppe M. Delpiano, Transferor**

                                             **Mike Kastrati, Transferee**

                                             **M. E. G. Restaurant Enterprises Ltd.**

                                             By: _____