```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                              :
MIKE KASTRATI,                                :
                                 Plaintiff,   :    21 Civ. 481 (LGS)
                                              :
          -against-                           :    ORDER
                                              :
M.E.G. RESTAURANT ENTERPRISES LTD.,           :
ET AL.,                                       :
                                 Defendants.  :
                                              X
-------------------------------------------------------------
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 3, 2021, Defendants filed a motion for judgment on the pleadings seeking to dismiss Plaintiff's claim for judicial dissolution of Defendant M.E.G. Restaurant Enterprises Ltd. ("Novita") under New York Business Corporation Law ("BCL") § 1104-a(a)(1).

WHEREAS, a court may raise the issue of abstention *sua sponte*. *Benaroya v. Nationwide Mut. Ins. Co.*, No. 18 Civ. 4823, 2020 WL 1863287, at *3 n.11 (E.D.N.Y. Jan. 22, 2020) (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *Catlin v. Ambach*, 820 F.2d 588, 591 (2d Cir. 1987)); *see also Genco Importing, Inc. v City of New York*, 552 F. Supp. 2d 371, 379 n.35 (S.D.N.Y. 2008) ("Although neither party raised the issue of abstention, the Court may do so *sua sponte*.").

WHEREAS, under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), "[a] federal court may abstain from hearing a case or claim over which it has jurisdiction to avoid needless disruption of state efforts to establish coherent policy in an area of comprehensive state regulation." *Friedman v. Revenue Mgmt.*, 38 F.3d 668, 671 (2d Cir. 1994) (citing *Burford*, 319 U.S. at 332); *accord Busher v. Barry*, No. 14 Civ. 4322, 2019 WL 6895281, at *19-20 (S.D.N.Y. Dec. 18, 2019).

WHEREAS, the Second Circuit recognizes that the dissolution of a New York corporation implicates *Burford* "given the comprehensive regulation of corporate governance and

existence by New York." *Friedman*, 38 F.3d at 671.  "New York has a strong interest in the creation and dissolution of its corporations and in the uniform development and interpretation of the statutory scheme regarding its corporations." *Id.*

WHEREAS, "district courts within this Circuit have routinely, and almost uniformly, elected to exercise *Burford* abstention over claims for the dissolution of a corporation formed under state law." *Busher*, 2019 WL 6895281, at *20 (collecting cases).

WHEREAS, *Burford* abstention over Plaintiff's claim for judicial dissolution of Novita is warranted.  The Complaint alleges that Novita is a registered under New York law and seeks dissolution of it under New York law.  Dissolving Novita would interfere with New York's comprehensive system of corporate governance.  Abstaining from adjudicating Plaintiff's dissolution claim will avoid needless interference with that regulatory scheme.  *See Friedman*, 38 F.3d at 671; *Busher*, 2019 WL 6895281, at *20.

WHEREAS, ruling on the subject matter jurisdiction issue raised by Defendants' motion for judgment on the pleadings is unnecessary because abstention is appropriate.  *See Busher*, 2019 WL 6895281, at *20 (declining to reach the merits of a jurisdictional challenge after finding abstention appropriate); *Mecca v. Lennon*, No. 16 Civ. 1414, 2017 WL 1410790, at *5 (E.D.N.Y. Apr. 18, 2017) (same).  It is hereby

**ORDERED** that Plaintiff's dissolution claim under BCL § 1104-a(a)(1) is dismissed without prejudice to Plaintiff asserting that claim in state court.  It is further

**ORDERED** that Defendants' motion for judgment on the pleadings is DENIED as moot. The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 29.

Dated: June 11, 2021
       New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**