# VLADECK, RASKIN & CLARK, P.C.

JEREMIAH IADEVAIA
212.403.7323
JIADEVAIA@VLADECK.COM

August 27, 2021

BY ECF
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Kastrati v. M.E.G. Restaurant Enterprises Ltd,
No. 1:21 Civ. 0481 (LGS)

*Plaintiff's motion to compel is GRANTED because the information sought is relevant to his job performance and as comparator evidence.*

*The Clerk of Court is respectfully directed to close the motion at Dkt. No. 50.*

*Dated: September 2, 2021*
*New York, New York*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Dear Judge Schofield:

We represent plaintiff Mike Kastrati ("Kastrati" or "plaintiff") in the above action against M.E.G. Restaurant Enterprises Ltd. d/b/a Novita ("Novita"), Marco Fregonese ("Fregonese"), and Elizabeth Yoshida ("Yoshida") (collectively, "defendants"). We write in accordance with Your Honor's Individual Rule II.B to request respectfully the Court's intervention in three discovery issues. As explained below, plaintiff respectfully requests that the Court compel defendants to provide (1) documents concerning defendants' financial information; (2) documents concerning plaintiff's access to defendants' financial records; and (3) documents concerning reservations at Novita. Pursuant to Your Honor's Individual Rule III.C.3, plaintiff has conferred with defendants regarding these issues; the parties have been unable to resolve the issues amongst themselves.[1]

## Background

Novita, a Manhattan restaurant, hired Kastrati in 2006. Kastrati became a manager and shareholder of Novita in 2018. After Kastrati became a manager, Fregonese and Yoshida, co-owners and managing partners of Novita, commenced a campaign of discrimination and harassment against Kastrati because he is Albanian and not Italian. When Kastrati complained, defendants retaliated against him by demoting him and cutting his responsibilities, by denying him access to financial records and information, by making false allegations against him and threatening to sue him, and ultimately by firing him.

On January 19, 2021, plaintiff filed this action alleging discrimination on the basis of his race and retaliation for his opposition to unlawful practices in violation of federal, state and city laws, as well as for dissolution of Novita under New York BCL § 1104-a(a)(1) ("the shareholder

---

[1] Plaintiff is also conferring with defendants regarding several other discovery issues, which he intends to raise with the court as soon as possible if parties are unable to resolve them.

Honorable Lorna G. Schofield, U.S.D.J.
August 27, 2021
Page 2

claims"). On June 11, 2021, the Court dismissed plaintiff's shareholder claims without prejudice for plaintiff to assert the shareholder claims in state court.

Defendants now erroneously object to requests for documents and information regarding Novita's finances and performance, purportedly on the grounds that these requests relate only to plaintiff's shareholder claims. For the reasons below, the requests are relevant to plaintiff's discrimination and retaliation claims. Accordingly, defendants should be compelled to produce responsive documents.

Documents Concerning Novita's Financial Information

Defendants have objected and refused to produce responsive documents to requests for information concerning Novita's finances, including distributions to shareholders and compensation received by Fregonese, Yoshida, and Giuseppe Delpiano.

First, the request for documents reflecting Delpiano's compensation and distributions, as well as the methods of calculating his distributions, seeks relevant comparator evidence.[2] Delpiano, who is Italian and did not make protected complaints of discrimination, preceded plaintiff in his role as manager and shareholder. Defendants' treatment of Delpiano is relevant to plaintiff's claims, as he can establish discrimination and retaliation "by showing that [he] was treated differently than similarly situated employees outside [his] protected group."[3]

Second, defendants opened the door for plaintiff to seek this information by asserting that plaintiff concocted his claims because he regretted that his investment in Novita was not profitable.

---

[2] Chertkova v. Conn. Gen. Life Ins. Co., 92 F.3d 81, 91 (2d Cir. 1996), appeal after remand, 210 F.3d 354 (2d Cir. 2000), cert. denied, 531 U.S. 1192 (2001) (comparative evidence may demonstrate "circumstances that give rise to an inference of discriminatory motive," such as "preferential treatment given to employees outside the protected class."); Tse v. UBS Fin. Serv., Inc., 568 F. Supp. 2d 274, 291 (S.D.N.Y. 2008) (stating that, "it is well established that a discriminatory animus may be proven both by direct and by indirect evidence," such as comparing the treatment of similarly situated male and female employees); Weinstock v. Columbia Univ., No. 95 CIV. 0569 (JFK) (RLE), 1995 WL 567399, at *7 (S.D.N.Y. Sep. 26, 1995), aff'd by, No. 95 CIV. 0569, 1996 WL 658437 (S.D.N.Y. Nov 13, 1996) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973)) (stating it is well settled that "[t]he very essence of Title VII is comparative evidence: Was the Plaintiff treated differently from persons not in her protected group?") (superseded by statute, Civil Rights Act of 1991); Khan v. Hilton Worldwide, Inc., No. 13 CV 1919-LTS, 2016 WL 626558, at *3 (S.D.N.Y. Feb. 16, 2016) (upholding jury verdict based in part on evidence of differential treatment of comparators).

[3] Williams v. Mount Sinai Med. Ctr., 859 F. Supp. 2d 625, 640 (S.D.N.Y. 2012); see Villar v. City of N.Y., 135 F. Supp. 3d 105, 121 (S.D.N.Y. 2015) ("[A] showing that an employer treated plaintiff 'less favorably than a similarly situated employee outside his protected group' [] is a recognized method of raising an inference of discrimination . . . ." (quoting Ruiz v. Cnty. of Rockland, 609 F.3d 486, 493 (2d Cir. 2010))); Barella v. Vill. of Freeport, 296 F.R.D. 102, 106 (E.D.N.Y. 2013) (ordering discovery of comparator information because it "may shed new light on the [Title VII] allegations directed by the Plaintiff at [the supervisor]" with respect to discrimination in hiring and promotion).

Honorable Lorna G. Schofield, U.S.D.J.
August 27, 2021
Page 3

As defendants' arguments seek to undermine Kastrati's claims and credibility, he is entitled to probe the veracity of their assertions about Novita's finances.

Finally, evidence regarding defendant's finances is relevant, as "'the court may take a defendant's financial circumstances, wealth, or net worth into consideration when determining the exemplary damages to be awarded against that defendant.'"[4]

### Documents Concerning Plaintiff's Access to Financial Records

Defendants also object to requests seeking documents concerning plaintiff's access to Novita's financial records. Plaintiff has claimed that defendants discriminated against him by excluding him from decision-making at Novita and retaliated against him following his protected complaints by withholding information regarding Novita's finances to which he was legally entitled. Furthermore, as referenced above, defendants have also made assertions regarding plaintiff's knowledge of Novita's finances. Finally, this information is relevant to the determination of defendants' affirmative defense that plaintiff was not an employee of Novita for purposes of Title VII of the Civil Rights Act of 1964.[5] See Dkt. 24 at 158.

### Documents Concerning Reservations

Defendants object to plaintiff's request seeking "documents concerning Novita's reservations for the period 2018 to the present" on several grounds, including relevance. Defendants have asserted that plaintiff's performance as a manager was detrimental to Novita. Therefore, information regarding Novita's performance, as reflected by information regarding reservations made during and after plaintiff's tenure as manager, is relevant and should be produced.

Respectfully submitted,

/s

Jeremiah Iadevaia

---

[4] See Wade v. Sharinn & Lipshie, P.C., No. CV 07-2838DRHAKT, 2009 WL 37521, at *1 (E.D.N.Y. Jan. 7, 2009) (quoting Sabatelli v. Allied Interstate, No. 05–3205, 2006 WL 2620385 (E.D.N.Y. Sept.13, 2006)) (granting motion to compel discovery of information concerning defendants' finances); In re Penthouse Exec. Club Comp. Litig., No. 10 CV 1145 (KMW), 2012 WL 1511772, at *2 (S.D.N.Y. April 30, 2012) (ordering production of corporate tax returns).

[5] See Clackamas Gastroenterology Assocs., P. C. v. Wells, 538 U.S. 440, 450, 123 S. Ct. 1673, 1680, 155 L. Ed. 2d 615 (2003) (including, in list of factors relevant to the decision of whether a shareholder is an employee under the anti-discrimination laws, "[w]hether and, if so, to what extent the individual is able to influence the organization" and "[w]hether the individual shares in the profits, losses, and liabilities of the organization.").